NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-0794

STATE OF LOUISIANA

VERSUS

ROBIN LEBLANC

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 6130-03
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Michael G. Sullivan, Judges.

SENTENCES VACATED AND SET ASIDE; REMANDED FOR
RESENTENCING.

Carla S. Sigler
Assistant District Attorney—Fourteenth Judicial District
1020 Ryan Street
Lake Charles, LA  70601
(337) 437-3400
COUNSEL FOR APPELLEE:
        State of Louisiana

Sherry Watters
Louisiana Appellate Project
P. O. Box 58769
New Orleans, LA  70158

**(504) 723-0284**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Robin LeBlanc**

**SUMMARY DISPOSITION**

PETERS, J.

Defendant, Robin LeBlanc, pled guilty to two counts of forcible rape, being violations of La.R.S. 14:42.1. Thereafter, the trial court sentenced Defendant to serve twenty years on each count, with the first two years to be without the benefit of probation, parole, or suspension of sentence. The trial court then suspended five years on each count and placed Defendant on supervised probation for a period of five years, the probation to begin upon his release from prison. The trial court ordered that the sentences run consecutively to one another. Defendant has appealed the sentences imposed, asserting that they are unconstitutionally excessive. Because we find an error patent in the sentencing process, we vacate the sentences imposed and remand the matter to the trial court for resentencing, without considering Defendant's assignment of error.

Louisiana Code of Criminal Procedure Article 920(2) requires that on appeal the reviewing court "shall" consider "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." We find such an error patent in these proceedings. In imposing the sentences, the trial court ordered restitution to the victims as a condition of probation on each count. Specifically, the trial court ordered Defendant to "make any restitution to the victims for any and all counseling costs." The failure to set the specific amount of restitution renders the sentences illegal, requiring that they be vacated and the matter remanded to the trial court for resentencing. *See State v. Alexander*, 03-167 (La.App. 3 Cir. 9/10/03), 854 So.2d 456, *writ denied*, 03-2822 (La. 3/12/04), 869 So.2d 815.

In resentencing Defendant, the trial court is not required to simply correct the sentences imposed. However, if in resentencing Defendant the trial court imposes

restitution as a condition of any probation term, the trial court is instructed to set the amount of restitution due each victim.

## DISPOSITION

For the foregoing reasons, we vacate the sentences imposed on both counts of forcible rape and remand the matter to the trial court for resentencing.

**SENTENCES VACATED AND SET ASIDE; REMANDED FOR RESENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.

This opinion is rendered as a summary disposition in accordance with Uniform Rules—Courts of Appeal, Rule 2-16.2(A)(2).